UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MICHAEL MOLLER,<br>         Defendant. | 1:20CR88MSM-LDA<br>Criminal Case No. _____ |

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1) of the Federal Rules of Criminal Procedure, the United States and Defendant, Michael Moller, have reached the following agreement:

1.      Defendant's Obligations.

      a.  Defendant will waive presentation of this matter to a grand jury and consent to the filing of a one-count Information which charges defendant with bank fraud, in violation of 18 U.S.C. § 1344(2). Defendant agrees that Defendant will plead guilty to said Information. Defendant also agrees that he will admit to the violation of supervised release that has been filed against him in the District of Massachusetts and transferred to the District of Rhode Island (Criminal Case 20-81-JJM).

      Defendant further agrees that the time between the filing of this plea agreement and the scheduled date for the change of plea is excludable under the Speedy Trial Act, 18 U.S.C. § 3161.

      b.  Defendant further agrees to forfeit all interest in the following items and assets which were used to facilitate the commission of the offense of bank fraud or

1

were proceeds from the offense of bank fraud: all phones, computers and electronic devices seized by law enforcement and $126,430.78, which was seized by law enforcement in cash and from a bank account in defendant's name at TD Bank. Defendant warrants that Defendant is the sole owner of all of the property listed above, and agrees to hold the United States, its agents, and its employees harmless from any claims whatsoever in connection with the seizure or forfeiture of property covered by this agreement. Defendant agrees to consent to the entry of an order of forfeiture for the above-specified money judgment amount, and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise him of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time his guilty plea is accepted.

    2.    Government's Obligations. In exchange for Defendant's plea of guilty:

        a.  On the bank fraud charge brought pursuant to an Information, the government will recommend that the Court impose a term of imprisonment within the range of sentences for the offense level determined by the Court under the United States Sentencing Guidelines (the U.S.S.G. or "guidelines") or the mandatory minimum term of

imprisonment pursuant to statute, whichever term is greater, but not including probation or a "split-sentence," even if permitted under the guidelines.

      b.    The Defendant and the United States jointly agree to recommend that Defendant be sentenced to 12 months and 1 day of imprisonment for violating the terms of supervised release in Criminal Case No. 20-81-JJM and that this sentence of 12 months and 1 day of imprisonment be consecutive to any sentence imposed by the Court for defendant's commission of bank fraud as charged in the Information.

      c.    For purposes of determining the offense level, the government agrees to recommend a two-level reduction in the offense level for acceptance of responsibility under § 3E1.1(a) of the guidelines if Defendant continues to demonstrate acceptance of responsibility through sentencing.

      d.    As of the date of this agreement, Defendant has timely notified authorities of an intention to enter a plea of guilty. If the offense level is 16 or greater and Defendant enters a plea of guilty pursuant to this agreement, the government will move the sentencing Court for an additional decrease of one level, pursuant to U.S.S.G. § 3E1.1(b), unless Defendant indicates an intention not to enter a plea of guilty, thereby requiring the government to prepare for trial.

      e.    The government is free to recommend any combination of supervised release, fines, and restitution which it deems appropriate.

f. If Defendant pleads guilty pursuant to this plea agreement, the government will not bring a charge against Defendant for Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A, based on the offense conduct in this case. Defendant understands that such a charge could expose Defendant to greater penalties, to wit: a mandatory consecutive sentence of two years of imprisonment.

3. Defendant understands that the guidelines are not binding on the Court, and that, although the Court must consult the guidelines in fashioning any sentence in this case, the guidelines are only advisory, and the Court may impose any reasonable sentence in this matter up to the statutory maximum penalties after taking into account the factors enumerated in 18 U.S.C. § 3553(a).

4. The United States and defendant stipulate and agree to the following facts under the guidelines:

a. The intended loss is $1,333,551. Therefore, a 14-level enhancement applies pursuant to U.S.S.G. § 2B1.1(b)(1)(H).

5. Except as expressly provided in the preceding paragraph, there is no agreement as to which Offense Level and Criminal History Category applies in this case. Both the United States and Defendant reserve their rights to argue and present evidence on all matters affecting the guidelines calculation.

6. The maximum statutory penalties for the offense to which Defendant is pleading are: 30 years imprisonment; 5 years of supervised release, a fine of $1,000,000 and a special assessment of $100.

7. Defendant agrees that, after Defendant and Defendant's counsel sign this plea agreement, counsel will return it to the United States Attorney's Office along with a money order or certified check, payable to the Clerk, United States District Court, in payment of the special assessments. Failure to do so, unless the Court has made a previous finding of indigence, will relieve the government of its obligation to recommend a reduction in the offense level under the guidelines for acceptance of responsibility.

8. Defendant is advised and understands that:

　　a. The government has the right, in a prosecution for perjury or making a false statement, to use against Defendant any statement that Defendant gives under oath;

　　b. Defendant has the right to plead not guilty, or having already so pleaded, to persist in that plea;

　　c. Defendant has the right to a jury trial;

　　d. Defendant has the right to be represented by counsel – and if necessary have the Court appoint counsel – at trial and every other stage of the proceeding;

      e.   Defendant has the right at trial to confront and cross-examine adverse witnesses, to be protected from self-incrimination, to testify and present evidence, and to compel the attendance of witnesses; and

      f.   Defendant waives these trial rights if the Court accepts a plea of guilty.

      g.   Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable or deportable offenses. Likewise, if defendant is a naturalized citizen of the United States, pleading guilty may result in denaturalization as well as removal and deportation. Removal, deportation, denaturalization, and other immigration consequences are the subject of separate proceedings, however, and defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his removal or deportation from the United States or his denaturalization.

9.    The government reserves its full right of allocation, including the right to present any information to the Court for its consideration in fashioning an appropriate sentence, the right to correct misstatements, misrepresentations, or omissions by Defendant, and to answer any questions asked by the Court.

10.   Except for paragraphs 2 and 4, above, the parties have made no agreement concerning the application of the guidelines in this case.

11.     Defendant understands that the Court alone makes all sentencing decisions, including the application of the guidelines and the sentence to be imposed. The Court is not bound by the parties' stipulations of fact, offense level adjustments, or the government's recommendations. The Court is free to impose any sentence it deems appropriate up to and including the statutory maximum. Defendant also understands that even if the Court's guideline determinations and sentence are different than Defendant expects, Defendant will not be allowed to withdraw Defendant's plea of guilty.

12.     Defendant hereby waives Defendant's right to appeal the conviction and sentence imposed by the Court, if the sentence imposed by the Court is within or below the sentencing guideline range determined by the Court. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the government retains its right to appeal any of the Court's sentencing determinations.

13.     This agreement is binding on the government only if Defendant pleads guilty, fulfills all Defendant's obligations under the agreement, does not engage in any conduct constituting obstruction of justice under § 3C1.1 of the guidelines, and does not commit any new offenses. Defendant understands that if Defendant violates this agreement in any way, the government shall be released from its obligations under the agreement and will be free to make any recommendations that it deems appropriate. If that occurs, Defendant shall not have the right to withdraw Defendant's guilty plea.

14. This agreement is limited to the District of Rhode Island and does not bind any other federal, state, or local prosecutive authorities.

15. This agreement constitutes the entire agreement between the parties. No other promises or inducements have been made concerning the plea in this case. Defendant acknowledges that no person has, directly or indirectly, threatened or coerced Defendant to enter this agreement. Any additions, deletions, or modifications to this agreement must be made in writing and signed by all the parties in order to be effective.

16. Counsel for Defendant states that Counsel has read this agreement, been given a copy of it for Counsel's file, explained it to Defendant, and states that to the best of Counsel's knowledge and belief, Defendant understands the agreement.

17.     Defendant states that Defendant has read the agreement or has had it read to Defendant, has discussed it with Defendant's Counsel, understands it, and agrees to its provisions.

| | |
|---|---|
| /s/ Michael Moller | 10/16/20 |
| Michael Moller<br>Defendant | Date |
| /s/ Kevin J. Fitzgerald | 10/16/20 |
| Kevin Fitzgerald, Esq.<br>Counsel for Defendant | Date |
| LEE H. VILKER<br>Assistant U.S. Attorney | 10/19/2020<br>Date |
| SANDRA R. HEBERT<br>Assistant U.S. Attorney<br>Deputy Chief, Criminal Division | 10/19/2020<br>Date |