UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| UNITED STATES OF AMERICA,  )<br>     )<br>   v.   )<br>     )<br>MICHAEL J. MOLLER,   )<br>   Defendant.   )<br>     ) | 20-cr-88-JJM-AEM |

# ORDER

Defendant Michael J. Moller was sentenced to 70 months of imprisonment on a bank fraud charge (ECF No. 42) and 12 months plus one day of imprisonment to be served consecutively for violating the terms of his supervised release on a previous bank robbery conviction. (ECF No. 21 in Case No. CR-20-81) The bank fraud charge related to a scheme to defraud financial institutions during the pandemic by submitting fraudulent Paycheck Protection Program ("PPP") loan applications in his name and in the names of others. Mr. Moller submitted 11 fraudulent PPP loan applications seeking more than $4.7 million in funds and received $699,251 in illicit funds. He is projected to be released from custody on August 3, 2026.

Pending before the Court are 15 motions Mr. Moller has filed in his post-sentencing criminal case.

1. Mr. Moller asks this Court to reconsider its denial of it his 28 U.S.C. § 2255 Petition. But Mr. Moller subsequently filed a Fed. R. Crim. P. Rule 60, making this Motion moot. DENIED as moot. **ECF No. 198**.

2. Mr. Moller filed a Motion under Fed. R. Civ. P. 60(b)(6) seeking relief from this Court's Order (ECF No. 195) denying his Amended Petition under 28 U.S.C. § 2255 (ECF No. 174, supplemented by ECF No. 191), claiming he was entitled to an evidentiary hearing. ECF No. 202. After some initial back-and-forth, and prior to the filing of the supplemental petition, the Court (a previous presiding judge) appointed counsel for Mr. Moller. ECF No. 176. That counsel filed a supplemental § 2255 petition—containing some old and some new issues. ECF No. 191. The Court considered the newly filed § 2255 petition on the papers and exercised its discretion in deciding that an evidentiary hearing was not needed.[1] This Court, in an extensive and detailed Memorandum and Order, denied the § 2255 Petition. ECF No. 195. There was no requirement that the Court conduct a hearing to resolve ECF No. 191, the supplemental § 2255 petition. Accordingly, Mr. Moller's Motion is DENIED. <u>ECF No. 202</u>.

3. Mr. Moller filed Motions for Writs of Habeas Corpus *ad prosequendum* seeking to be returned to the Wyatt Detention Facility in Central Falls, Rhode Island. Mr. Moller has no legal basis at this time to be returned to a pretrial detention facility while he is in Bureau of Prison ("BOP") custody; therefore, this Motion is DENIED. <u>ECF Nos. 203, 225</u>.

---

[1] A district court need not hold an evidentiary hearing where, as here, the claims raised in the § 2255 petition can be determined on the papers. *DeCologero v. United States*, 802 F.3d 155, 167-68 (1st Cir. 2015). The First Circuit has stated that "[e]videntiary hearings on § 2255 petitions are the exception, not the norm .. . . ." *Moreno-Morales v. United States*, 334 F.3d 140, 145 (1st Cir. 2003).

4. There is no reason or basis for this Court to appoint Mr. Moller further counsel. An evidentiary hearing on his § 2255 Petition was not needed or required, therefore there is no obligation for the Court to appoint counsel. The two Motions to Appoint Counsel are DENIED. ECF Nos. 206, 221.

5. Motion to Reconsider the Denial of the 2255 Pursuant to Fed. R. Civ. P. 59(e).

    a. Lack of evidentiary hearing: see # 2 above.

    b. *Dubin v. United States*: This Court has ruled that "*Dubin* does nothing to disturb the applicability of § 1028A to Mr. Moller's conduct because his fraudulent use of other individuals means of identification was at the crux of what made his PPP loan criminal." ECF No. 195 at 10. Nothing in Mr. Moller's Motion to reconsider changes the courts analysis or opinion in that regard. Mr. Moller's repeated use of the identity information of others was at the "crux" of his fraud scheme and that he could have been charged with the commission of aggravated identity theft

    c. *Ineffective Assistance of Counsel–Aggregation of Sentences*: Mr. Moller argues that his counsel was ineffective because he did not request that the Court aggregate his sentence for violating his supervised release (20-cr-81) with his bank fraud sentence (20-cr-88). Seeking this aggregation was never an option for Mr. Moller's counsel at sentencing. The plea agreement provides that Mr. Moller be sentenced for both the supervised release violation and the bank fraud offense and that he

3

receives a 12-month sentence for violating his supervised release that was to run consecutively to his bank fraud sentence. Because of the terms of the plea agreement, counsel was not ineffective for failing to argue for a sentence that would have violated the terms of the plea agreement. Furthermore, Mr. Moller suffered no prejudice because of the way the sentences were sequenced. The Motion to Reconsider the Denial of the § 2255 is DENIED. ECF No. 209.

6. Motion to Reconsider the Certificate of Appealability. ECF No. 213. Mr. Moller request that the Court issue a Certificate of Appealability as to the following claim: "Whether 3584 (c) thwarted the courts intent for Mr. Moller's sentence in BOP custody to be a single sentence for fraud." The Government did not file an objection. The Motion is GRANTED. ECF No. 213.

7. Motion for a Reduction in Sentence (so-called "Compassionate Release"). ECF No. 224. Mr. Moller asks this Court to reduce his sentence, citing the following reasons: (a) he has not received adequate care from the BOP; (b) care for his ailing mother ("In November 2022, my brother Richard died at age 39 . . . [He] was providing substantial daily care to my mother, since his passing her situation has only gotten worse. She requires a major surgery in the very near future and her recovery will be substantial.") ECF No. 224 at 4. Mr. Moller captioned this Motion as his "Opening Memorandum" because he had not yet obtained his medical records, and therefore the Government did not respond. *See* ECF No. 229 at 3. Thus, the Court will DENY WITHOUT PREJUDICE

4

this Motion, to allow Mr. Moller to file a complete and supported Motion and allow the Government to respond.  ECF No. 224.

8. Motion for an Order to the Government to Obtain Records.  Mr. Moller seeks the Court to order to the Government to obtain the following his medical and commissary records.  The Government has agreed to provide the requested records (ECF No. 229); therefore, this Motion is DENIED as moot.  ECF No. 226.

9. Mr. Moller asks the Court to pay the expenses for a medical expert to review his medical records and those of his mother.  While Mr. Moller can hire an expert with his own money, there is no basis in law for the Court to order the payment of the expenses for an expert.  The Motion is DENIED.  ECF No. 227.

10. Mr. Moller filed Motions to Stay which he subsequently withdrew (ECF No. 232) and therefore the Motion is DENIED as moot.  ECF No. 230.

11. Mr. Moller filed a Motion for a Writ, seeking to be returned to the Wyatt Detention Facility in Central Falls, Rhode Island.  ECF No. 232.  Mr. Moller has still not provided any legal basis to be returned to a pretrial detention facility while he is in BOP custody; therefore, this Motion is DENIED.  ECF No. 232.

12. Mr. Moller's Motion for a Telephonic Hearing on the Writ Request is DENIED as moot.  As Mr. Moller knows, the Court has tried mightily to get Mr. Moller a remote hearing, but the BOP has not had the facilities to accommodate it.  ECF No. 233.

13. Mr. Moller has filed a Motion To Amend The Judgment And Or For A Letter Of Recommendation To The BOP.  18 U.S.C. § 3624(1) governs the transfer of inmate into a so-called half-way house at the end of their term of imprisonment and provides discretion to the Director of the BOP to make those decisions. The Court has no role while Mr. Moller is in BOP custody.  Thus, the Motion is DENIED.  <u>ECF No. 235</u>.

IT IS SO ORDERED.

*s/John J. McConnell, Jr.*

_____
JOHN J. MCCONNELL, JR.
Chief Judge
United States District Court

July 28, 2025